WATSON, Judge.
On July 9, 1974, plaintiff, Louisiana Intrastate Gas Corporation, filed a petition for expropriation against defendants: Roger C. Edwards; William P. Edwards, Jr.; Anne E. Edwards; Ruth H. Edwards; Roger E. Boynton; Nancy Boynton; and James Delino, as Trustee of “Second Island Trust”, in order to acquire a pipeline servitude across defendants’ property[1] The parties stipulated to a judgment awarding plaintiff the servitude leaving only the question of compensation to be tried. On January 7, 1975, defendants moved for a jury trial under Art. 1, Section 4, of the Louisiana Constitution of 1974, which provides:
“Section 4. Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. *381 This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
“Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. Personal effects, other than contraband, shall never be taken.
“This Section shall not apply to appropriation of property necessary for levee and levee drainage purposes.”
The trial court denied defendants’ motion for a jury trial, apparently because the petition for expropriation was filed on July 9, 1974, which of course was prior to midnight, December 31, 1974, the effective date of the Constitution of 1974.
Defendants have appealed, contending that the right to trial by jury is a procedural and remedial right which should have retroactive effect and thus be available in this suit.
Plaintiff-appellee concedes that remedial and procedural legislation should be given retroactive effect in the absence of language to the contrary but contends that the Constitution of 1974 contains specific language to the contrary in Article 14, Sections 23 and-26:
“Section 23. All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles, and rights existing on the effective date of this constitution shall continue unaffected. All sentences as punishment for crime shall be executed according to their terms.”
“Section 26. Except as otherwise specifically provided in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this constitution.”
Plaintiff-appellee also urges the language of Act 11 of the Ex.Session of 1974, an expropriation statute, which provides in sections 3 and 4 as follows:
“Section 3. This act shall become effective on January 1, 1975.
“Section 4. This act shall not affect any action, suit, or proceedings filed prior to the effective date hereof.”
The importance of the right to jury trial in expropriation cases to the redactors of the Constitution is shown by the fact that this provision is contained in Article 1, the “Declaration of Rights”, of the Constitution. Section 1 of Article 1 provides in the last sentence that:
“The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state.”
However, the Constitution itself declares in plain words, as quoted above, that it is not retroactive except as specifically provided. Also it provides that existing suits shall continue unaffected.
This is not a matter of statutory interpretation. The plain words of the Constitution, as framed by the delegates and adopted by the people, should be given their obvious meaning.
*382 For the foregoing reasons, the judgment of the trial court denying defendants’ motion for a trial by jury is affirmed.
All costs of trial and appeal of defendants’ motion for trial-by jury are assessed to defendants-appellants.
Affirmed.

. A second case involving the same issues but different defendants has been consolidated for all purposes.