CULPEPPER, Judge.
The plaintiff, New Iberia Community Improvement Agency, was created under Act 32 of 1972 and Section 22, Article XIV, Louisiana Constitution of 1921, to redevelop slums and blighted areas in the City of New Iberia. Plaintiff filed this suit to expropriate a strip of land and buildings thereon owned by defendants. The trial judge awarded defendants $35,000 for the land and improvements thereon. Defendants appealed.
The issues on appeal are: (1) Did the trial judge err in refusing to give retroactive effect to the provisions of LSA-La. Const.1974, Article 1, Section 4, which gives to all parties in expropriation actions the right to trial by jury to determine compensation? (2) Does the evidence reasonably support the trial judge’s factual finding that the property involved is a “blighted area” within the meaning of Act 32 of 1972?
The pertinent facts are that this suit was filed on December 27, 1974. The defendant, Mrs. Walet, was served on December 31, 1974 and the defendant, Mrs. Dauen-hauer on January 3, 1975. Both defendants answered demanding trial by jury to determine compensation in accordance with LSA-La.Const.1974, Article 1, Section 4.
The trial judge denied the demands for trial by jury and defendants were ordered to proceed to trial without a jury. Application for supervisory writs was then made to this court. We denied that application, stating: “Theré appears to be no error or abuse of discretion in the ruling complained of.” (3rd Cir. 1975). (Docket No. 4997) The defendants then applied for cer-tiorari to the Louisiana Supreme Court. That court too denied the application stating: “There is adequate remedy by appeal.” 309 So.2d 355 (S.Ct.La.1975).
Following the denial of these applications, trial on the merits was held in the district court. The district judge rendered judgment of expropriation in favor of plaintiff and awarded defendants $35,000 in compensation as the market value of the land and improvements taken.
The first issue is defendants’ right to trial by jury. We recently considered this identical issue in Louisiana Intrastate Gas *822 Corporation v. Edwards, 315 So.2d 380 (La.App. 3rd Cir. 1975). There we stated:
“The trial court denied defendants’ motion for a jury trial, apparently because the petition for expropriation was filed on July 9, 1974, which of course was prior to midnight, December 31, 1974, the effective date of the Constitution of 1974.
“Defendants have appealed, contending that the right to trial by jury is a procedural and remedial right which should have retroactive effect and thus be available in this suit.
“Plaintiff-appellee concedes that remedial and procedural legislation should be given retroactive effect in the absence of language to the contrary but contends that the Constitution of 1974 contains specific language to the contrary in Article 14, Sections 23 and 26:
“ ‘Section 23. All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles and rights existing on the effective date of this constitution shall continue unaffected. All sentences as punishment for crime shall be executed according to their terms.’
“ ‘Section 26. Except as otherwise specifically provided in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this constitution.’
“Plaintiff-appellee also urges the language of Act 11 of the Ex. Session of 1974, an expropriation statute, which provides in sections 3 and 4 as follows:
“ ‘Section 3. This act shall become effective on January 1, 1975.
“ ‘Section 4. This act shall not affect any action, suit, or proceedings filed prior to the effective date hereof.’
“The importance of the right to a jury trial in expropriation cases to the redactors of the Constitution is shown by the fact that this provision is contained in Article 1, the ‘Declaration of Rights’, of the Constitution. Section 1 of Article 1 provides in the last sentence that:
“ ‘The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state.’
“However, the Constitution itself declares in plain words, as quoted above, that it is not retroactive except as specifically provided. Also it provides that existing suits shall continue unaffected.
“This is not a matter of statutory interpretation. The plain words of the Constitution, as framed by the delegates and adopted by the people, should be given their obvious meaning.
“For the foregoing reasons, the judgment of the trial court denying defendants’ motion for a trial by jury is affirmed.”
Defendants argue that the present case is distinguished from Louisiana Intrastate Gas Corporation v. Edwards on the basis that the defendants in that case were cited and served with notice of the suit before the new Constitution took effect on December 31, 1974. Here, one of the defendants was not served until after the new Constitution took effect. We find no basis in law for such a distinction. LSA-La.Const. Article 14, Section 23 states in clear and unambiguous language that “All . . . actions, suits, proceedings, . . . existing on the effective date of this constitution shall continue unaffected.” Although one of defendants was not served until after the new Constitution took effect, this expropriation suit was filed on December 27, 1974 and, therefore, was “existing on the effective date of this Constitution.”
The next issue is whether the evidence reasonably supports the finding of *823 fact of the trial judge that the plaintiff proved the property involved is an “area of urban blight” within the meaning of Act 32 of 1972. The record fully supports the following finding of fact by the trial judge on this issue:
“There is abundant testimony in the record however, that the majority of the buildings in the area affected were unoccupied by tenants and had been vacant for a considerable period of time. There is evidence in the record that the properties were not being kept up but were being allowed to deteriorate. There is no evidence to contradict this by anyone. From this evidence, the Court has no problem in finding that the area involved herein was a blighted area, as declared by the City, and had been so for a number of years prior to the institution of this project.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.